**FILED** NF

JUN 17 2008    NF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. **08 CR 477** |
| v. | ) | |
| | ) | Violation: Title 18, United |
| JONATHAN HON | ) | States Code, Sections 1341 and 1343 |
| | ) | |

**JUDGE SHADUR**

COUNT ONE

**MAGISTRATE JUDGE COX**

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

a. Defendant JONATHAN HON engaged in the business of buying and selling real estate, including 210 Gale in River Forest; 1023 S. Kenilworth, 1184 S. Wisconsin and 1188 S. Home in Oak Park; and 5216 N. Winthrop, 7209 S. Sangamon and 1188 S. Clinton in Chicago.

b. Defendant JONATHAN HON was a principal of Burnham Mortgage, Inc., through which defendant submitted loan applications to lenders on behalf of prospective borrowers.

c. Defendant JONATHAN HON had an interest in and controlled Lucid Muse Corp., and Lucid Muse Properties, Inc.

d. Defendant JONATHAN HON maintained accounts at Fifth Third Bank in the names of Lucid Muse Corp., Lucid Muse Properties, Inc., and L&J Properties.

e. Ticor Title Insurance and Specialty Title Services were title companies which issued checks drawn on accounts at Bank One and LaSalle National Bank, respectively, to close real estate transactions, including checks payable to lien holders.

f. The deposits of INDYMAC Bank, Fifth Third Bank, LaSalle National Bank and

1

Bank One were insured by the Federal Deposit Insurance Corporation.

2.   Beginning no later than in or about February 2002, and continuing until at least on or about June 17, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected financial institutions, as more fully described below.

3.   It was part of the scheme that defendant JONATHAN HON engaged in property transactions through nominees which were designed and intended to defraud lenders funding the transactions, title companies closing the transactions, the holders of liens on properties involved in the transactions, and the financial institution which negotiated checks representing proceeds of the transactions.

4.   It was further part of the scheme that defendant JONATHON HON submitted through Burnham Mortgage loan applications to lenders in the names of individuals for the purported purpose of financing their purchase of properties, including 210 Gale, 1023 S. Kenilworth, 1184 S. Wisconsin, 1188 S. Home, 5216 N. Winthrop, 7209 S. Sangamon and 1188 S. Clinton, defendant HON well knowing that these individuals were not true purchasers and would not make the loan payments, but instead that they were nominees through which defendant HON continued to control the properties and that the purpose of the loans were to enable defendant to fraudulently obtain loan proceeds payable to the sellers and to lien holders.

5.   It was further part of the scheme that defendant JONATHON HON submitted loan applications to lenders on behalf of the nominees which contained false statements, including that

2

the nominees intended to reside in the properties and that the nominees had or would make a down payment, defendant HON well knowing that the nominees would not reside in properties, that defendant HON would provide the down payment funds, and that these false statements were material to the lenders' approval of the loans.

6. It was further part of the scheme that defendant JONATHON HON purchased checks and falsely represented to the title companies and the lenders that these checks were down payment funds provided by the nominees.

7. It was further part of the scheme that defendant JONATHON HON fraudulently caused lenders to approve the nominees' loan applications in reliance on defendant HON's false statements, and to transfer moneys by wire in interstate commerce to the title companies to fund the loans.

8. It was further part of the scheme that defendant JONATHON HON signed, and caused to be signed, documents, including HUD-1s, which falsely stated that the nominees had made down payments.

9. It was further part of the scheme that defendant JONATHON HON fraudulently obtained from the title companies checks made payable to the holders of liens on the properties by falsely representing to title company representatives that he would deliver the checks to the lien holders, defendant HON well knowing that he intended to convert the checks.

10. It was further part of the scheme that defendant JONATHON HON did not deliver the checks payable to the lien holders to the lien holders, but instead converted and deposited the checks into accounts at Fifth Third Bank by deceiving Fifth Third Bank that he had authority to negotiate the checks.

11. It was further part of the scheme that, on or about February 26, 2002, defendant

3

JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Corp., a fraudulently obtained check payable to Fifth Third Bank in the amount of $226,264.73, which was drawn on the account held of Specialty Title Services at LaSalle National Bank, by deceiving Fifth Third Bank that he had authority to negotiate the check.

12.    It was further part of the scheme that, on or about May 30, 2002, defendant JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Properties a fraudulently obtained check payable to Fifth Third Bank in the amount of $63,821.75, which was drawn on the account of Specialty Title Services, Inc., at La Salle National Bank, by deceiving Fifth Third Bank that he had authority to negotiate the check.

13. It was further part of the scheme that, on or about June 26, 2002, defendant JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Corp., a fraudulently obtained check payable to INDYMAC Bank in the amount of $317,672.19, which was drawn on the account of Ticor Title Insurance at Bank One, by deceiving Fifth Third Bank that he had authority to negotiate the check.

14.    It was further part of the scheme that, on or about August 23, 2002, defendant JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Corp., a fraudulently obtained check payable to Countrywide Home Loans in the amount of $342,080.13, which was drawn on the account of Ticor Title Insurance at Bank One, by deceiving Fifth Third Bank that he had authority to negotiate the check.

15.    It was further part of the scheme that, on or about January 27, 2003, defendant JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Corp., a fraudulently obtained check payable to Chase Manhattan Mortgage in the amount of $252,691.60, which was

drawn on the account of Ticor Title Insurance at Bank One, by deceiving Fifth Third Bank that he had authority to negotiate the check.

16.    It was further part of the scheme that, on or about May 14, 2003, defendant JONATHAN HON deposited into the Fifth Third Bank account of L & J Properties a fraudulently obtained check payable to L&J Services in the amount of $354,791.16, which was drawn on the account of Ticor Title Insurance at Bank One, by deceiving Fifth Third Bank that he had authority to negotiate the check.

17.    It was further part of the scheme that, on or about June 17, 2003, defendant JONATHAN HON deposited into the Fifth Third Bank account of Lucid Muse Corp., a fraudulently obtained check payable to PCFS in the amount of $348,655.73, which was drawn on the account of Ticor Title Insurance at Bank One, by deceiving Fifth Third Bank that he had authority to negotiate the check.

18.    It was further part of the scheme that defendant JONATHON HON fraudulently obtained approximately $570,000 in proceeds of mortgage loans in the form of title company checks payable to defendant HON, or a nominee of defendant HON, as seller of the properties, and approximately $1,900,000 in proceeds of mortgage loans in the form of title company checks payable to lien holders, including financial institutions.

19.    It was further part of the scheme that defendant JONATHON HON did misrepresent, conceal, and hide, and cause to be misrepresented, concealed and hidden the true purpose of acts done in furtherance of the scheme.

5

20.   On or about June 26, 2002, at Chicago, in the Northern District of Illinois, Eastern

Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, did

knowingly cause to be transmitted in interstate commerce from New York to Illinois by means of

wire and radio communications, certain writings, signs, signals, and sounds; namely, a wire transfer

of $324,007.64 from Bank of New York in Oriskany, New York to an account maintained at Bank

One by Ticor Title Insurance in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

6

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about August 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from North Carolina to Illinois by means of wire and radio communications, certain writings, signs, signals, and sounds; namely, a wire transfer of $321,326.00 from First Union National Bank of North Carolina in Charlotte, North Carolina to an account maintained at Bank One by Ticor Title Insurance in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

7

<u>COUNT THREE</u>

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about January 27, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from New York to Illinois, by means of wire and radio communications, certain writings, signs, signals, and sounds; namely, a wire transfer of $345,288.83 from Bankers Trust Company, in New York, New York, to an account maintained at Bank One by Ticor Title Insurance in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about May 14, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from New York to Illinois by means of wire and radio communications, certain writings, signs, signals, and sounds; namely, a wire transfer of $393,302.89 from Bankers Trust Company, in New York, New York, to an account maintained at Bank One by Ticor Title Insurance in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

9

<u>COUNT FIVE</u>

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about June 13, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from California to Illinois by means of wire and radio communications, certain writings, signs, signals, and sounds; namely, a wire transfer of $465,017.30 from American Savings Bank in Stockton, California to an account maintained at Bank One by Ticor Title Insurance in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

<u>COUNT SIX</u>

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. At times material to this count:

    a. The United States Department of Housing and Urban Development ("HUD") was a department of the federal government that administered the Section 8 Housing Assistance Payments Program through which eligible families received rental housing assistance payments which were made directly to the owner of the rental property.

    b. A property owner was required to certify to HUD in an Affidavit of Ownership that he had an ownership interest in the rental property in order to be eligible to receive Section 8 housing assistance payments from HUD on behalf of the tenant.

    c. In Cook County, Illinois, CHAC, Inc., was the contract agent which administered the Section 8 Housing Assistance Payments Program on behalf of HUD.

2. Beginning no later than in or about May 2002, and continuing until at least on or about December 1, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money or property from HUD by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

3. It was a part of the scheme that defendant JONATHON HON fraudulently obtained Section 8 housing assistance payments from HUD by falsely representing to CHAC that he was the true owner of rental property.

4. It was further part of the scheme that, on or about May 24, 2002, defendant JONATHON

11

HON submitted an Affidavit of Ownership to CHAC in which defendant HON falsely represented that he was the lawful and beneficial owner of 4431 South Wells, Chicago, Illinois, defendant HON well knowing that he had sold 4431 South Wells on October 26, 2000.

5.    It was further part of the scheme that, on or about August 5, 2002, defendant JONATHON HON submitted an Affidavit of Ownership to CHAC in which defendant HON falsely represented that he was the lawful and beneficial owner of 6554 Ross, Chicago, Illinois, defendant HON well knowing that he had sold 6554 Ross on October 31, 2001.

6.    It was further part of the scheme that, on or about October 3, 2002, defendant JONATHON HON submitted an Affidavit of Ownership to CHAC in which defendant HON falsely represented that he was the lawful and beneficial owner of 6923 South Damen, Chicago, Illinois, defendant HON well knowing that he had sold 6923 South Damen on May 21, 2002.

7. It was further part of the scheme that defendant JONATHON HON fraudulently obtained approximately $200,000 in Section 8 housing assistance payments by causing CHAC to make checks constituting the fraudulently obtained Section 8 housing assistance payments payable to defendant HON and to mail those checks to defendant HON at 8352 South Halsted, Chicago, Illinois.

8.    It was further part of the scheme that defendant JONATHON HON did misrepresent, conceal, and hide, and cause to be misrepresented, concealed and hidden the true purpose of acts done in furtherance of the scheme.

12

9.    On or about July 1, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $10,827, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.

<u>COUNT SEVEN</u>

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 8 of Count Six of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about August 11, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $9,513, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.

14

## COUNT EIGHT

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 8 of Count Six of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 2, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $7,760, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.

15

## COUNT NINE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.   The allegations in paragraphs 1 through 8 of Count Six of this indictment are hereby realleged and incorporated herein by reference.

2.   On or about October 1, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $3,988, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.

## COUNT TEN

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.   The allegations in paragraphs 1 through 8 of Count Six of this indictment are hereby realleged and incorporated herein by reference.

2.   On or about November 3, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $3,572, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.

## COUNT ELEVEN

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 8 of Count Six of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about December 1, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JONATHAN HON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be delivered by United States mail according to the direction thereon an envelope addressed to Jonathan Hon, 8352 S. Halsted Ave., Chicago, Il., 60620, containing a check payable to defendant HON in the amount of $3,340, which funds were a Section 8 housing assistance payment;

In violation of Title 18, United States Code, Section 1341.


_____

Foreperson


_____
United States Attorney

18