```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,          )
                                 )
       v.                         )        No.  08 CR 477-1
                                 )
JONATHAN HON,                     )
                                 )
              Defendant.          )
```

<u>MEMORANDUM ORDER</u>

Several months ago the United States Attorney's office moved for relief against Mary Hon ("Mary"), the third party citation respondent in proceedings to enforce the judgment entered against criminal defendant Jonathan Hon ("Jonathan").[1] In its motion the government sought the avoidance of the assertedly fraudulent transfer of $35,000 from Jonathan to Mary to purchase a vehicle and pay for miscellaneous expenses.

After preliminary hearings on the matter this Court ordered Mary to file a response by September 23, 2011. With no response having been received during or since the expiration of that time frame, this Court instructed its minute clerk to check with the lawyer who was representing Mary as to the position being asserted by her client--and that inquiry has just produced the response that no answer to the government's motion would be provided, coupled with an apology for not having apprised this Court to that effect.

---

[1] Mary is Jonathan's mother.

Accordingly, with no response having been made to the government's assertion that on June 24, 2010--after Jonathan had pleaded guilty and shortly before his scheduled sentencing--he transferred $35,000 to Mary from funds in his account at Merrill Lynch (Jonathan's only asset as reflected in his presentence report), this Court:

 1. finds the facts in favor of the United States and against Mary and holds that the transfer of funds was a fraudulent transfer under 28 U.S.C. §3304(b)(1)(A);[2]

 2. pursuant to Section 3306(a)(1), voids the transfer from Jonathan to Mary to the extent necessary to satisfy Jonathan's debts owing to the United States;

 3. pursuant to Section 3306(a)(2), issues a writ of execution so that the United States may levy on the assets of Mary to satisfy Jonathan's restitution debt owed to the United States; and

 4. pursuant to Section 3306(a)(3), enters judgment in favor of the United States and against Mary for $35,000 plus prejudgment interest to the extent necessary to satisfy Jonathan's restitution debt owed to the United States.

Although the United States has also requested this Court to "grant any other relief the circumstances may require," it is

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

presently unclear that any further action is called for.  This

Court of course retains jurisdiction over the matter to deal with

any such future developments.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 6, 2011